**In re Ronald Frank BAKSA and Darlene Joy Baksa, Debtors.**

**Bankruptcy No. 580–226.**

United States Bankruptcy Court, N. D. Ohio.

July 3, 1980.

Jerome Holub, Akron, Ohio, Standing Chapter 13 Trustee.

Terrence J. Steel, Akron, Ohio, for Beneficial Finance Co.

Carl Hirsch, Barberton, Ohio, for debtors.

## FINDING AS TO OBJECTION TO CONFIRMATION

H. F. WHITE, Bankruptcy Judge.

A joint petition under Chapter 13 of the Bankruptcy Code was filed by Ronald Frank Baksa and Darlene Joy Baksa, husband and wife, hereinafter referred to as debtors, on February 25, 1980. A plan of arrangement was filed by the debtors on February 25, 1980.

Beneficial Finance Company, hereinafter referred to as creditor, on April 17, 1980, filed an objection to the confirmation of the plan of arrangement proposed by the debtors.

The claim of Beneficial in the amount of Six Thousand Seven Hundred Sixty Four Dollars and Ninety Eight Cents ($6,764.98) is based on a loan made to the debtors in December of 1978. The following property of the debtors was taken by Beneficial as security for the loan: a 1975 Buick La Sabre automobile; all household furniture; and a second mortgage on the debtors' residence.

The debtors, in their plan of arrangement, proposed to pay Beneficial one hundred percent (100%) of its claim within the plan over a period of five (5) years.

### FINDING OF FACT

1) The debtors are husband and wife with a family of three (3) children.

2) Both of the debtors are employed; however, Ronald Frank Baksa is the chief support of the family.

3) Great Northern Savings and Loan Company has a first mortgage on the real estate occupied by debtors and their family.

4) Beneficial Finance Company is a secured creditor which took the following property of the debtors as security for its loan: a 1975 Buick La Sabre automobile; all household furniture; and a second mortgage on the debtors' residence. Neither party to this action raised the issue of the motor vehicle, nor was it listed in the debtors' schedules. There is presently due and owing said creditor Six Thousand Seven Hundred Sixty Four Dollars and Ninety Eight Cents ($6,764.98).

5) The creditor and the debtor agree that the value of the real estate exceeds the first and second mortgage; therefore, the creditor is fully secured. Further, the debtor carries insurance on said property upon which the creditor is named as the beneficiary to the extent of its interest. The creditor admits that it has adequate protection for the debt in the real estate.

6) The creditor admits that on or about March 10, 1980, before actually receiving notice from the Clerk of the Bankruptcy Court of the filing of the Chapter 13 arrangement proceeding, it voluntarily cancelled its security interest on the household furniture and now claims only a security interest in the debtors' real estate.

7) The creditor admits that it was informed by the debtors that they were con-

templating filing a Chapter 13 Arrangement Plan. With that knowledge and because of the filing of the Chapter 13 proceedings by the debtors, the creditor cancelled its nonpurchase-money, nonpossessory security interest in the furniture so that it would come within the provisions of 11 U.S.C. 1322(b)(2) of the Bankruptcy Code.

8) The Chapter 13 Plan provides for payment to all creditors over a period of five (5) years. The terms for payment of the note of the creditor provide for final payment on or before December 13, 1983; the Plan would therefore extend the final payment on the creditors' debt to February, 1985.

## ISSUE

May a creditor, who holds the debtors' household furniture, motor vehicle, and a second mortgage on debtors' residence as security for a loan, by cancelling the secured interest in the furniture and the motor vehicle prevent confirmation of a Chapter 13 plan on the ground that the proposed plan would modify the creditor's now sole secured interest in real property that is the debtors' principal residence?

## LAW

The creditor, as a condition of making the original loan, required the debtors to grant it a secured interest in the following property of the debtors': a motor vehicle, all household furnishings, and a second mortgage on the debtors' residence. The creditor became aware that a petition under Chapter 13 and a plan of arrangement were going to be filed by the debtors. The creditor, being in the financing business, was very familiar with the new Bankruptcy Code and, therefore, was aware that under 11 U.S.C. Section 1322(b)(2)[1], the debtors would be unable to modify the rights of a holder of a secured claim that had only a secured interest in real estate that is the

debtors' principal residence. Therefore, the creditor immediately cancelled its security interest in the household furniture and the motor vehicle in order to come within the provisions of 11 U.S.C. Section 1322(b)(2).

The creditor and the debtors agree that the value of the debtors' residence exceeds the first and second mortgages and the creditor admits that it is adequately protected for its debt in the real estate owned by the debtor.

The only modification of the original obligation being made by the debtor is that under the debtors' five year plan, the repayment period to the creditor would be extended beyond the original termination date of the note.

It has been the experience of this court, that financial institutions rarely voluntarily cancel a secured interest. To the contrary, these institutions usually look for additional collateral or for guarantors or co-makers who have the financial capacity to repay the loan. It is obvious to this court that there was no eleemosynary spirit on the part of the creditor in cancelling said security interests.

Since the enactment of the new Bankruptcy Code, there has been a substantial increase in the use of Chapter 13 throughout the United States. This increase in the number of Chapter 13 cases has resulted in extensive litigation and opinions being rendered regarding the interpretation of the new Bankruptcy Code.

In order for the court to confirm a plan of arrangement under Chapter 13, the court must find that the debtor has proposed the plan in good faith and not by any means prohibited by law. 11 U.S.C. Section 1325(a)(3).[2] Some bankruptcy courts in determining whether the plan has been proposed in good faith, look to the best interest

---

1. 11 U.S.C. Section 1322(b)(2) provides: ". . . the plan may—modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, . . . ."

2. 11 U.S.C. Section 1325(a)(3) provides: "The court shall confirm a plan if—the plan, has been proposed in good faith and not by any means forbidden by law;

of creditors. 11 U.S.C. 1325(a)(4).[3] The debtors' plan, herein, proposes a seventy percent (70%) repayment of unsecured claims. It is clear that if liquidation were to occur on this date, the unsecured creditors would receive no dividends as the exemptions of the debtor would consume the entire estate. Additionally, in a liquidation in bankruptcy, a distress sale of real estate, especially on today's market, would bring a price that would not reflect the true value of the property. Therefore, the court finds that the debtors' plan meets the best interest of creditors' test.

The creditor is aware that the debtor cannot, under 11 U.S.C. 1325(a)(5)(B)(i) and (ii)[4], "cram down" the plan of arrangement where the creditor's only security interest is in real estate that is the debtor's principal residence. It is obvious to the court that the creditors would have never cancelled its secured interest in the household furniture and the motor vehicle but for the provision in 11 U.S.C. 1322(b)(2) of the Bankruptcy Code.

 As previously indicated, the debtor must propose his Chapter 13 plan in good faith. This court holds that the creditor must also act in good faith. Where a creditor, with knowledge that a Chapter 13 petition and plan are being drafted, cancels its secured interest in a portion of the property of the debtor, it holds as security, with the intent of circumventing and abusing the provisions of Chapter 13, the creditor is not acting in good faith. It is the conclusion of this court that the same standards should be applicable to the creditor and to the debtor, especially in this case where the creditor is fully secured and adequately protected and the unsecured creditors would be the only parties injured should confirmation be denied and liquidation occur.

The debtors' plan proposes payments over a period of five years, which is the maximum period of repayment permitted by the Code. 11 U.S.C. Section 1322(c).[5] The court has determined that the debtors will be able to make all payments under the plan and to comply with the plan. 11 U.S.C. Section 1325(a)(6).[6]

Therefore, it is the conclusion of this court that the objection of Beneficial Finance Company to the confirmation of the debtors' Chapter 13 plan of arrangement is overruled. All parties may have their exceptions.

---

3. 11 U.S.C. Section 1325(a)(4) provides: "The court shall confirm a plan if—the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim, is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date;" See: *In the Matter of Marlow*, 3 B.R. 305, 6 BCD 77 (Bkrtcy.N.D.Ill.1980); *In re Beaver*, 2 B.R. 337, 5 BCD 1285 (Bkrtcy.S.D.Cal.1980); *In re Iacovoni*, 2 B.R. 256, 5 BCD 1270 (Bkrtcy.D.Utah 1980); and *In re Powell*, 2 B.R. 314, 5 BCD 1233 (Bkrtcy.E.D.Va.1980).

4. 11 U.S.C. Section 1325(a)(5)(B)(i) and (ii) provides: "The court shall confirm a plan if—with respect to each allowed secured claim provided for by the plan—the plan provides that the holder of such claim retain the lien securing such claim; and the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;"

5. 11 U.S.C. Section 1322(c) provides: "The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

6. 11 U.S.C. Section 1325(a)(6) provides: "The court shall confirm a plan if—the debtor will be able to make all payments under the plan and to comply with the plan."