**In re Donald Dean IVEY and Patricia Ann Ivey, Debtors.**

**SOUTHERN DISCOUNT COMPANY OF NORTH CAROLINA, Plaintiff,**

v.

**Donald Dean IVEY and Patricia Ann Ivey, Defendants.**

Bankruptcy No. C–B–81–00002.

United States Bankruptcy Court, W. D. North Carolina.

April 27, 1981.

Wayne Sigmon, Gastonia, N. C., for debtors.

David Badger, Charlotte, N. C., for Southern Discount Co.

### ORDER RE OBJECTION TO CONFIRMATION

MARVIN R. WOOTEN, Bankruptcy Judge.

This cause coming on to be heard, and being heard upon the Objection to Confirmation filed by Southern Discount Company of North Carolina d/b/a Southern Discount and Southern Discount Mortgage Company upon the basis that the debtors' Chapter 13 Plan, which sought to include Southern Discount Company into the Chapter 13 Plan as a secured creditor when said

creditor's only security at the time of the filing of the petition was a second deed of trust on the residence of the debtors, violated § 1325(a)(1) and § 1322(b)(2) of the United States Bankruptcy Code, and the Court having reviewed the file and having heard the contentions of David R. Badger, attorney for Southern Discount Company, and Wayne Sigmon, attorney for the debtors, makes the following:

## FINDINGS OF FACT

1. On March 29, 1979, the debtors entered into a loan transaction with Southern Discount Company and as security for the debt, gave to Southern Discount Company a second deed of trust in real property which constituted the debtors' principal residence, title to a 1972 automobile and a lien on miscellaneous household goods, all of which were duly perfected under State law;

2. On or about October 22, 1979, at the request of the debtors, the creditor released its lien on the title to the 1972 automobile and same was sold or traded with the proceeds or replacement vehicle inuring to the sole benefit of the debtors with the creditor receiving no portion of the proceeds from said sale or acquiring a substitute lien in any replacement motor vehicle;

3. At the suggestion of David R. Badger, who undertook the representation of the creditor in August, 1980, Southern Discount Company released its lien on the household goods of the debtors by filing a release statement pursuant to the provisions of North Carolina General Statutes § 25–9–406. Said document was signed by the creditor on September 24, 1980 and filed on September 26, 1980 in the Office of the Register of Deeds of Cleveland County, North Carolina with a notation "Satisfied Mortgage" on its face. Said release document stated, in part, "The secured party certifies that the secured party no longer claims a secured interest under the financing statement bearing the file number shown above";

4. The debtors were not notified of this action by Southern Discount Company and were not sent a modified or replacement security agreement concerning the termination or release of creditor's interest in their household goods;

5. On January 5, 1981, the debtors filed a Plan under Chapter 13 of the United States Bankruptcy Code which sought to include the creditor into the Plan as a secured claim and reducing the payments on the outstanding balance of $2,767.87 (secured only by the remaining lien on the debtors' real property) from the contract amount of $112.00 per month to the amount of $75.00 per month.

## ISSUE

WHETHER THE CREDITOR IS THE HOLDER OF A CLAIM SECURED ONLY BY A SECURITY INTEREST IN REAL PROPERTY THAT IS THE DEBTORS' PRINCIPAL RESIDENCE? [11 U.S.C. § 1322(b)(2)]

Based upon the foregoing findings of fact, the Court makes the following

## CONCLUSIONS OF LAW

1. The loan documents indicate the creation and perfection of a valid security interest in favor of Southern Discount Company in the household goods of the debtors on March 29, 1979;

2. Southern Discount Company has no security interest in the 1972 automobile described in their loan documents having released said lien on October 22, 1979;

3. Southern Discount Company has a valid second deed of trust in real property which constitutes the debtors' principal residence and there remains an outstanding balance of $2,767.87;

4. Upon advice of David R. Badger, attorney for the creditor, and almost four months prior to the debtors' election to seek protection under Chapter 13 of the United States Bankruptcy Code, Southern Discount Company validly released its lien on the household goods of the debtors by filing a release statement pursuant to the provisions of N.C.G.S. § 25–9–406 which provides, in part:

"A secured party of record may, by his signed statement release all or a part of any collateral described in a filed financing statement."

The official comment to this North Carolina Statute patterned after the Uniform Commercial Code states, in part:

"Like the preceding section, this section provides a permissive device for noting of record any release of collateral. There is no requirement that such a statement be filed when collateral is released ... It is merely a method of making the record reflect the true state of affairs so that fewer inquiries will have to be made by persons who consult the files."

5. § 25–9–406 of the N.C.G.S. does not require notice to the debtors by the creditor of any action taken pursuant to that Section;

6. There is no prohibition upon the action taken by Southern Discount Company in releasing its lien on household goods prior to the filing of the Chapter 13 Proceeding;

7. That Southern Discount Company would release its lien on household goods some four months in advance of the filing of a Chapter 13 Petition by these debtors is an action consistent with much of the legislative history of 11 U.S.C. § 1322(b)(2) and is an action more properly to be commended than utilized as a basis for modification of the payments to the creditor holding a second deed of trust on the residence of the debtors;

8. The lien of Southern Discount Company on the household goods of the debtors was validly cancelled and the lien on the title to their 1972 automobile was properly released more than four months prior to the filing of the Chapter 13 proceeding by the debtors, and as a result, Southern Discount Company is a holder of a claim secured only by a security interest in real property that is the debtors' principal residence and the contract payments of $112.00 per month may not be modified as part of the Chapter 13 Plan of the debtors.

Based upon the foregoing Findings of Fact and Conclusions of Law, IT IS ORDERED:

1. The Objection to Confirmation filed by Southern Discount Company insofar as the original Chapter 13 Plan of the debtors sought to modify the contract payments to Southern Discount Company is sustained;

2. Subsequent to this Court's indication of its opinion as fully expressed herein, the parties agreed upon the modification of the Chapter 13 Plan, which provided for full payment to Southern Company and said modified Plan was confirmed by Order of this Court;

3. The costs of the action be taxed to the debtors.