In re Kenneth Earl SEEL a/k/a Kenneth E. Seel, Nancy Ann Seel a/k/a Nancy Seel, Debtors.

Kenneth Earl SEEL, Nancy Ann Seel, Plaintiffs,

v.

TOPEKA LUMBER COMPANY, Defendants.

Bankruptcy No. 82–40392.
Adv. No. 82–0179.

United States Bankruptcy Court, D. Kansas.

Aug. 24, 1982.

---

Lloyd C. Swartz, Topeka, Kan., trustee.

Frank D. Taff, Topeka, Kan., for debtors.

Wendell F. Cowan, Jr., and Gary M. Korte, Topeka, Kan., for Topeka Lumber Co.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Bankruptcy Judge.

In this chapter 13 proceeding, the debtors have requested that the Court determine the validity and extent of a mechanic's lien on their residence filed by Topeka Lumber Company.

The issues presented for determination are:

1. Does Topeka Lumber Company have a valid mechanic's lien.

2. What is the extent of the lien.

3. Is a mechanic's lien a "security interest" within the meaning of 11 U.S.C. § 1322(b)(2), § 101(37), prohibiting the debtor from modifying Topeka Lumber's rights, or is it a statutory lien within the meaning of 11 U.S.C. § 101(38).

A hearing was held, briefs have been submitted and the matter is ready to be resolved.

### FINDINGS OF FACT

The debtors purchased real estate in Shawnee County, Kansas known as 1603 N. Kansas Avenue, Topeka, Kansas in August, 1979. In June or July, 1981 Mrs. Seel contacted Topeka Lumber Company and talked with Jim Jones about obtaining credit from Topeka Lumber Company to purchase materials to remodel the house. On July 3, 1981 a credit application was filled out,

signed only by Mrs. Seel. Credit was approved and the first load of materials were delivered to the house by Topeka Lumber. Between July and December, 1981 Mrs. Seel and sometimes her husband went to Topeka Lumber and purchased additional materials on credit.

The debtors were last supplied materials by Topeka Lumber on December 7, 1981 when they were informed that Topeka Lumber would not extend any more credit to them.

Topeka Lumber filed a verified mechanics lien statement in the District Court of Shawnee County on April 6, 1982. The statement contained Topeka Lumber's name, Mr. Seel's name, the address and description of the real property and itemized statements indicating it was owed $6,635.66 by the Seels for materials and supplies.

Mrs. Seel admitted the materials and supplies in question were furnished by Topeka Lumber and used in the remodeling of her house. She also admitted that she did not question the amount of $6,635.66 claimed to be owed Topeka Lumber.

The debtors' amended chapter 13 plan proposes to pay the mechanic's lien holder, Topeka Lumber, in full to the extent it holds an allowed secured claim, and pay nothing to the extent the lien is invalid or the claim is unsecured.

Issues of valuation of the house are also presented but will be determined by the Court at a hearing that will be held to take evidence of value from Topeka Lumber witnesses.

## CONCLUSIONS OF LAW

*1. Proof of the mechanic's lien.*

K.S.A. § 60–1101 (Supp.1981) provides: *(a) Any person furnishing labor, equipment, material, or supplies used or consumed for the improvement of real property, under a contract with the owner or with the .... spouse of the owner shall have a lien upon the property for the labor, equipment, materials or supplies furnished, and for the cost of transporting the same ....* (emphasis added).

█ In Kansas, the mechanic's lien claimant must show that materials for which the debt is owed and upon which the lien is based were used or consumed in the improvement of the house on which the lien is asserted. See, e.g., *Benner-Williams, Inc. v. Romine*, 200 Kan. 483, 437 P.2d 312 (1968).

█ In her testimony, Mrs. Seel admitted that materials were purchased from Topeka Lumber, that the materials were used in the remodeling of her home and she did not dispute that the value of the materials and supplies used was $6,635.66. K.S.A. § 60–1101(a) permits the lien to attach to realty owned by the husband, or owned jointly by the husband and wife, where only one spouse contracts for the purchase of materials as in the instant case. [see emphasized portion of K.S.A. § 1101(a) ]. Thus, Topeka Lumber proved the validity of its mechanic's lien under K.S.A. § 60–1101 (Supp. 1981).

In order to "perfect" its lien, Topeka Lumber was required to:

*(a) ... file with the clerk of the district court of the county in which property is located, within four (4) months after the date material equipment or supplies, used or consumed was last furnished or last labor performed under the contract a verified statement showing:*

*(1) the name of the owner,*

*(2) the name of the claimant,*

*(3) a description of the real property,*

*(4) a reasonably itemized statement and the amount of the claim ....*

K.S.A. § 60–1102 (1976).

An examination of the creditor's exhibit A, the mechanic's lien statement, indicates the requirements of K.S.A. § 60–1102 were met. The owner's name, claimant's name, a description of the realty, a verified statement, and a reasonably itemized statement of the claim amount were all included in a statement for mechanic's lien filed in the District Court of Shawnee County where the property is located. Materials were last

furnished on December 7, 1981, and the statement was filed April 6, 1982, within 4 months. The debtors did not contest the validity of the filing, and presented no evidence to controvert these facts. Therefore, the Court holds Topeka Lumber proved the validity of its mechanic's lien in the filed amount of $6,635.66.

### 2. Treatment of the Mechanic's Lien under 11 U.S.C. § 1322(b)(2).

■ Chapter 13 of the Bankruptcy Code does not permit the debtors to *modify the rights of holders of secured claims ... secured only by a security interest in real property that is the debtor's principal residence ....* 11 U.S.C. § 1322(b)(2) (emphasis added). "Security interest" is defined as a *lien created by an agreement ....* 11 U.S.C. § 101(37). This should be compared to a "statutory lien," defined as a

> *lien arising solely by force of a statute or specified circumstances or conditions, ... but does not include security interest ... whether or not such interest ... is provided for by or is dependent on a statute ....*

11 U.S.C. § 101(38).

In determining whether a mechanic's lien is a "security interest" or a "statutory lien," Judge Norton's analysis in his treatise is enlightening:

> *The primary focus* [of statutory liens] *is on liens created by statute including, but not limited to mechanics liens, artisan's liens, warehouseman's liens, landlord liens, and tax liens.*
>
> *The characteristics of the definition of statutory lien are deceptively simple. For any given lien, an analysis of the source and nature of the state-created right is necessary to distinguish a statutory lien from other forms of liens. The difficulty can be identified by comparing contractual liens, commonly described as security interests, and statutory liens. The distinguishing feature of a statutory lien is that it arises "solely" by force of a statute. Contractual liens, however, most commonly find authorization and clarification in existing state statutes,*

*personal property interests arising under Article 9 of the Uniform Commercial Code being the most prominent illustration. Liens described as statutory most commonly arise only if a contract exists between the debtor and the lien claimant; mechanic's liens on real estate are a primary example. In distinguishing between the two, the focus is on the presence of a contract provision granting a property interest to the claimant and on the extent to which that contract provision is a necessary condition precedent for the existence of the lien. If such contractual grant is a necessary precondition, the lien is not a statutory lien even though state statutes define the scope and quality of the property interest in detailed terms.*

2 Norton Bankruptcy Law and Practice § 31.01, at 2–3 (1981). In Kansas an agreement to provide goods or labor is required under K.S.A. § 60–1101 (Supp.1981), but a contractual grant of a lien or security interest is not required in order for a contractor or subcontractor to obtain a mechanic's lien. Thus a contractual grant of a lien is not a necessary precondition and a Kansas mechanic's lien is a statutory lien and not a security interest under the Bankruptcy Code. This result is clearly contemplated by legislative history. H.R.Rep. 95–595, 95th Cong., 1st Sess. 314 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

Case law also echoes this conclusion. Under the Code, the court in *In Re Saberman*, 3 B.R. 316, 318, 6 B.C.D. 146 (Bkrtcy.N.D.Ill. 1980) held a mechanic's lien was a statutory lien, created by operation of statute. Furthermore, the Act defined statutory lien as:

> *a lien arising solely by force of statute upon specified circumstances or conditions, but shall not include any lien provided by or dependent upon an agreement to give security, whether or not such lien is also provided by or is also dependent upon statute ....*

Bankruptcy Act of 1898, 11 U.S.C. § 1(29a). Thus the Act's definition of statutory lien (in relation to the distinction between a security interest and a statutory lien) was

virtually the same as the definition provided by the Code. Cases under the Act characterized a mechanic's lien as a statutory lien. See, e.g., *In Re Lowery Bros., Inc.*, 589 F.2d 851, 860–61 (5th Cir. 1979); *Harris v. Hoffman*, 379 F.2d 413, 417, n. 5 (8th Cir. 1967).

Therefore, the Court holds Topeka Lumber's mechanic's lien is not a security interest, but rather a statutory lien.

█ Section 1322(b)(2) prohibits a debtor from modifying the rights of secured claimants with a *security interest* only in real property. This prohibition was inserted by Congress to provide stability in the residential long-term home financing industry and market and was designed to protect institutional lenders engaged in providing long-term home mortgage financing. *United Companies Financial Corp. v. Brantley*, 6 B.R. 178, 189 (Bkrtcy.N.D.Fla.1980). The debtor in a chapter 13 case is permitted to modify the rights of all other holders of secured claims. 11 U.S.C. § 1322(b)(2). Thus the debtor can modify the rights of the holder of a secured claim secured by a *statutory lien* by providing that the portion of the claim which is an allowed secured claim will be paid in full, and the deficiency portion of the claim is an unsecured claim and will be treated like other unsecured claims under the plan. The debtors have proposed to pay nothing to unsecured creditors. Therefore, Topeka Lumber will have an allowed secured claim *to the extent of the value of such creditor's interest in the estate's interest in* ... the real estate in question, 11 U.S.C. § 506(a), and an unsecured claim for the balance of its claim.

The Court has taken testimony from the debtors' expert witness concerning the value of the instant real estate. Upon taking evidence of values to be presented by Topeka Lumber the Court will determine the value of the real estate in question, and the extent of Topeka Lumber's secured claim.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 752 and Rule 52(a) of the Federal Rules of Civil Procedure.