### In re Rex Allen HUBBARD and Mitzi Lynn Hubbard, Debtors.

### Bankruptcy No. 82–02841–S–13.

United States Bankruptcy Court,
W.D. Missouri, S.D.

May 31, 1983.

Gary A. Love, Springfield, Mo., for debtors.

John G. Newberry, Springfield, Mo., for Commercial Credit.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Commercial Credit Services Corporation loaned money to debtors to be used in their business, securing the loan by taking a second deed of trust on debtors' residence. Debtors have now filed a Chapter 13 case and propose to modify payments to Commercial Credit. Creditor objects. The parties have stipulated to all material facts and have submitted the matter for decision based upon the stipulation.

The Court finds that there is no dispute of material fact and that the only issue is the interpretation of the language of Section 1322(b)(2) of the Code which prohibits modification of "a claim secured only by a security interest in real property that is the debtor's principal residence . . ." The parties have stipulated that creditor is secured only by its interest in the residence.

Debtors argue that this fact situation is an exception to the statutory language since it is neither the debt that enabled debtors to purchase the house nor is it a long term debt. Creditor contends that neither situation is recognized by the plain language of the statute and that no debt secured by an interest in the principal may be modified unless the creditor has additional security.

Under Chapter XIII of the Bankruptcy Act, now repealed, there was no provision for the dealing with long term debts which were secured by real property. Section 646 of the Act, Section 1046, Title 11, U.S.C.; Section 606 of the Act, Section 1006, Title 11, U.S.C.; 10 Collier on Bankruptcy ¶ 28.-03. Such debts may now be included in the Chapter 13 plan. Section 1322(b)(5) of the Code.

The legislative history is not illuminating. The House Report, No. 95–505, 95th Cong. 1st Sess. (1977) 429, reprinted in App. 2 Collier on Bankruptcy (15th Ed.) states that the debtor would be permitted to modify any secured debt. The Senate version of the statute permitted no modification of real estate mortgages. Senate Report 95–989, 95th Cong., 2nd Sess. (1978) 141, reprinted in App. 2 Collier on Bankruptcy (15th Ed.), U.S.Code Cong. & Admin.News 1978, p. 5787. The legislation enacted compromises those two positions. Why it favors home lenders is a mystery. The same treatment is denied creditors in the Chapter 11 context.

One court has suggested that the reason "is to provide stability in the residential long term home financing industry and market", *United Companies Financial Corporation v. Brantley,* 6 B.R. 178, 189 (Bkrtcy.N.D.Fla.1980). But the language of Section 1322(b)(2) is not restricted to that situation but reaches any where the creditor is secured only in the real estate that is the principal residence. See *In re Ivey,* 13 B.R. 27 (Bkrtcy.W.D.N.C.1981) where the creditor released his lien on household goods prior to filing and was found to have a second lien on the principal residence, the terms of which could not be modified. *In re Baska,* 5 B.R. 184, 6 B.C.D. 559 (Bkrtcy.N.D.Ohio 1980) holds to the contrary in a fact situation similar to *Ivey,* supra, but turns upon the lack of good faith of the creditor in cancelling its other security interest.

Courts that have ruled on this issue generally follow the Ivey result for the reasons set out in *Brantley. In re Neal,* 10 B.R. 535 (Bkrtcy.S.D.Ohio 1981); *In re Seel,* 22 B.R. 692 (Bkrtcy.Kan.1982). The language of the statute compels the result even if the rationale falters.

In a Chapter 11 case, a similarly situated debtor may modify a claim secured by real estate, even if it is the principal residence of the debtor. Section 1123(a)(3) of the Code; Section 1129 of the Code. But a Chapter 11 plan contemplates payment of all creditors before its termination. A Chapter 13 plan is limited to five years. If a long term debt is modified in a Chapter 13 plan but not paid off it may well be that the debtor will come out of the plan into a default situation with the creditor who may then foreclose. The fresh start is infringed upon. Therefore, modification of the long term secured debt is prohibited and the curing of default within the plan is permitted, Section 1322(b)(5) of the Code, *In re King,* 23 B.R. 779 (Bkrtcy.App.R. 9th Cir. 1982); *In re Hubbard,* 23 B.R. 671 (Bkrtcy. S.D.Ohio 1982), not to protect housing financing but to insure the debtor will get a fresh start when his plan is paid out. This rationale is as unsupported by legislative history as that expressed in *Brantley* but may be more consistent with other provisions of the Code bearing on this issue.

The Court in *Neal,* supra, suggests that the claim of an undersecured creditor may be divided into secured and unsecured portions, without regard to the mandate of Section 1322(b)(2). But here it appears that the second deed of trust is fully secured. The debt may not be modified, therefore, and the objection of Commercial Credit Services is SUSTAINED. Debtor is granted to June 20, 1983, to file an amended plan in accordance with the Order of the Court.