In re Roger A. DIQUINZIO, Helen J. Diquinzio, Debtors.

Bankruptcy No. 89–10780.

United States Bankruptcy Court, D. Rhode Island.

Feb. 14, 1990.

John Rao, Rhode Island Legal Services, Inc., Woonsocket, R.I., for debtors.

Larry Dub, Law Office of Larry Dub, Pawtucket, R.I., for ITT Financial Services.

John Boyajian, Boyajian, Harrington & Richardson, Providence, R.I., Trustee.

### ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

█ Heard initially on November 28, 1989, and continued to December 21, 1989 on ITT Financial Service's ("ITT") Motion for Relief from Stay, and the debtors' Motion to Modify their Chapter 13 plan. After hearing, the parties were requested to submit briefs addressing the issue whether the debtors may modify ITT's mortgage on the debtors' principal residence, without violating 11 U.S.C. § 1322(b)(2).[1] The debtors propose to lower their monthly mort-

---

1. 11 U.S.C. § 1322(b)(2) provides in relevant part that:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims or leave unaffected the rights of holders of any class of claims;

gage payments from $420 to $300 per month.

After a thorough consideration of the legal authorities on the subject, we feel compelled, albeit reluctantly, to adopt the line of cases which strictly construes § 1322(b)(2). We agree with the court in *In re Harris*, 94 B.R. 832, 837 (D.N.J.1989), that the plain language of the statute leaves no room for a conclusion that the prohibition against modification is limited only to long term residential purchase money mortgages. *See also In re Allen*, 75 B.R. 344, 345–346 (Bankr.S.D.Ohio 1987); *In re Hobaica*, 65 B.R. 693, 695–696 (Bankr.N.D.N.Y.1986); *In re Hynson*, 66 B.R. 246 (Bankr.D.N.J.1986); *In re Bradshaw*, 56 B.R. 742, 746 (S.D.Ohio 1985); *In re Coffey*, 52 B.R. 54, 55 (Bankr.D.N.H. 1985). "The plain meaning of the language is the 'primary and ordinarily the most reliable, source of interpreting the meaning of a statute.'" *In re Harris, supra*, at 835 (citing *Watt v. Alaska*, 451 U.S. 259, 266, n. 9, 101 S.Ct. 1673, 1678, n. 9, 68 L.Ed.2d 80 (1981), quoting *Cabell v. Markham*, 148 F.2d 737, 739 (2d Cir.) *aff'd*, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945)). Consequently, we must concur with the holding in *In re Hobaica, supra* in refusing to "utilize sketchy legislative history as justification for ignoring the plain statutory language." *Id.* at 695.

Conversely, we must disagree with the position taken by the debtors, and those courts which hold that "the true congressional intent behind the § 1322(b)(2) exception for claims secured only by an interest in the debtors' principal residence is to protect the traditional mortgage lender who provides long-term financing that enables individuals to purchase their home and that Congress did not intend to provide this same exceptional protection to lenders who provide short-term consumer financing to individuals and take a junior lien on their home as collateral." *In re Rudolf Williams*, 109 B.R. 36 (Bankr.E.D.N.Y. 1989); *see also In re Shaffer*, 84 B.R. 63, 65–66 (Bankr.W.D.Va.1988), *aff'd, Capitol Credit Plan of Tennessee, Inc. v. Shaffer*, Nos. 88–0106, 88–0134 (W.D.Va. July 6, 1988); *United Companies Financial*

*Corp. v. Brantley*, 6 B.R. 178, 189 (Bankr. N.D.Fla.1980); *In re Bruce*, 40 B.R. 884 (Bankr.W.D.Va.1984). Based on the unambiguous language in the statute, we cannot logically adopt this "humanitarian" argument.

We also reject the debtors' reliance on *In re Stiles*, 74 B.R. 708 (Bankr.N.D. Ala.1987) and its supporters. *See, e.g., In re NMN Simpkins*, 16 B.R. 956 (Bankr.E. D.Tenn.1982); *United Companies Financial Corp. v. Brantley, supra.* In doing so, we reject (this time without difficulty) the debtors' contention that ITT's contingent interest in a credit life insurance policy represents additional security which would entitle the debtor to modify ITT's mortgage payments in its Chapter 13 plan. This argument is totally without merit.

Lastly, regarding the conflict between §§ 506(a) and 1322(b)(2), we agree with the holding in *In re Harris, supra*, that "the § 1322(b)(2) protection applies only to claims that are 'secured claims' as defined by § 506(a)" *Id.* at 836. In reaching this conclusion, we join the *Harris* court in rejecting the statutory construction argument that "the specific language of § 1322(b)(2) prevails over the general language of § 506." *Id.*

Accordingly, ITT's claim should be bifurcated with a secured claim in the amount of $32,000, and an unsecured claim in the amount of $4,000. The debtors then will be free to modify their Chapter 13 payments to ITT at least to the extent of the unsecured portion of its claim. In view of this ruling, and in recognition of the debtors' request that they be allowed a brief period of time to submit a new plan, the debtors are granted 30 days to file an amended plan. We will reserve decision on ITT's motion for relief from stay, and in the interim, order the stay continued, pending a submission by the debtor of a modified plan.

Enter Judgment accordingly.