**In re Robert SAGLIO, Debtor.**

**Bankruptcy No. 92–12065.**

United States Bankruptcy Court,
D. Rhode Island.

April 2, 1993.

David A. Schechter, Providence, RI, for debtor.

Robert N. Huseby, Sr., Licht & Semonoff, Providence, RI, for Citizens Sav. Bank.

Andrew Richardson, Boyajian, Harrington & Richardson, Providence, RI, for Chapter 13 Trustee.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on February 8, 1993, on Citizens Savings Bank's objection to confirmation of the Debtor's Chapter 13 plan. The Bank argues that the plan proposes an impermissible modification of the Debtor's home mortgage, by bifurcating the claim into secured and unsecured portions. The Bank also argues that because it contemplates paying nothing to unsecured creditors, the plan is not proposed in good faith. The Debtor argues that the property is not his principal residence, and that bifurcation is permissible on that ground. The Debtor also submits, based on his own low valuation of the subject property, that Citizens is partially unsecured, and therefore the

mortgage may be avoided to the extent it is unsecured.

## FACTS

Robert Saglio filed a Chapter 13 petition on July 14, 1992. His assets consist primarily of the subject real estate located at 27 Arnold Street, Providence, Rhode Island. The property is encumbered by a first mortgage in the amount of $167,223 owing to Depositors Economic Protection Corporation (DEPCO), successor-in-interest to the Chariho–Exeter Credit Union, and a second mortgage to Citizens Savings Bank with a balance of $53,500. The property was appraised by Citizens on February 5, 1993 as having a value of $188,000. The Debtor's Chapter 13 plan proposes to cure DEPCO's arrearage in full, by continuing to pay mortgage payments to DEPCO outside the plan. The plan is further premised on the property having a value of $160,000, that it is not the Debtor's principal residence, and treats Citizens as an unsecured creditor which would receive nothing under the plan.

## DISCUSSION

■ Although Citizens acknowledges that in this jurisdiction a Chapter 13 debtor may bifurcate a mortgage on his principal residence *when the claim is greater than the value of the collateral, In re Cardinale,* 142 B.R. 42 (Bankr.D.R.I.1992); *In re DiQuinzio,* 110 B.R. 628 (Bankr.D.R.I. 1990), it nevertheless urges us to reverse our holdings in those cases and to adopt the reasoning and result of the Fifth Circuit in *In re Nobelman,* 968 F.2d 483 (5th Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 654, 121 L.Ed.2d 580 (1992). While it is true that the Supreme Court has granted certiorari in *Nobelman,* we will continue to follow the *Cardinale* and *DiQuinzio* line of cases until controlling precedent to the contrary calls for a change.

The Code allows Debtors to "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." 11 U.S.C. § 1322(b)(2). We have held that under this section the modification of a mortgagee's rights in debtor's principal residence is prohibited, but only as to the mortgagee's *secured interest* as defined in § 506(a). *Cardinale,* 142 B.R. 42.

■ Citizens also contends that the subject property is the Debtor's principal residence, and therefore 11 U.S.C. § 1322(b)(2) prohibits *any* modification of its secured claim. Citizens points out that the Debtor's driver's license names the subject property as his address and argues that one's principal residence is not always determined by where one sleeps or resides. The Debtor testified that he vacated the premises over one year ago, moved to Charlestown, Rhode Island, and has rented both units in the property. He also testified that he is registered to vote in Charlestown, voted there in the last election, and has a vehicle registered in Charlestown. Based on the evidence before us, we find that on the date of the petition the subject property was *not* Mr. Saglio's principal residence, and that under § 1322(b)(2) he is at liberty to modify Citizens' claim.

■ Our next task then, for bifurcation purposes, is to determine the value of Citizens' secured claim. We heard the testimony of Barry M. Sullivan, an appraiser for RPL/Capitol Appraisal Service, who, based upon market data, valued the property at $188,000, taking into consideration the highest and best use of the property—an owner occupied, two-family dwelling. Sullivan's testimony was competent and reasonable, and was not impeached in any way. The Debtor, on the other hand, urges that a "cash flow" appraisal method should be used, which he submits would result in a value of approximately $160,000. We reject the Debtor's *unsupported* suggestion as to the worth of the property, and find the market value of the subject real estate to be $188,000. Accordingly, after DEPCO's first mortgage, Citizens is left with a secured claim of $20,777, and a (bifurcated) unsecured claim of $32,723.

■ The last issue we must address is whether the Debtor's Chapter 13 plan meets the good faith requirements of 11

U.S.C. § 1325(a)(3), and we conclude that it does not. The Debtor has proposed a plan that will pay nothing to unsecured creditors, while the record, including representations of his attorney, indicates that he is able to pay some dividend to unsecured creditors. In addition, the Debtor has neglected, without a reasonable explanation, to include a potential asset in his plan, a judgment against a former tenant in the amount of $10,000, which Mr. Saglio is actively pursuing. If Debtor's collection efforts are successful (and even if they are not), we find that he has the ability to pay *something* to unsecured creditors, that the Chapter 13 plan lacks the required good faith, and DENY confirmation, without prejudice. The Debtor has 30 days to file an amended plan consistent with our rulings as to bifurcation, and which also addresses the Court's concerns expressed herein as to good faith.

Enter Judgment consistent with this opinion.