**In re Roy Lee GREEN, Betty Green, Debtors.**

**Bankruptcy No. 2–80–01065.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Aug. 15, 1980.

Roland T. Gilbert, Columbus, Ohio, for BancOhio.

Samuel L. Calig, Zanesville, Ohio, for debtors.

Frank Pees, Trustee, Worthington, Ohio.

**ORDER OVERRULING OBJECTION TO CONFIRMATION**

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of an objection to confirmation filed by BancOhio National Bank to confirmation of the joint Chapter 13 plan proposed by Roy Lee and Betty Green, husband and wife. The essential terms of the plan proposed by the Greens include the payment of $325.00 per month to the Chapter 13 trustee for a period of thirty–six (36) months, and a 60% dividend on all unsecured claims. BancOhio National Bank has filed a secured claim in this proceeding in the amount of $6,189.20. The claim reveals that the bank has a security interest in a 1972 Ford, a 1969 Cadillac, household goods and a second mortgage on the debtors' residential real estate. BancOhio has indicated that it is waiving its security interest in all the personal property upon which it has a lien, asserting only its second mortgage status with respect to the real estate. There are only nineteen monthly payments remaining on the debt obligation and the last payment is due before the date on which final payment under the plan is due. The bank contends that these facts constitute a modification of its rights, a modification prohibited by the provisions of § 1322(b)(2) of the Bankruptcy Code. That section provides that the plan may:

"modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtors' principal residence, or of holders of unsecured claims;" 11 U.S.C. § 1322(b)(2).

The debtors' principal residence has been appraised at a value of between $29,000 and $30,000. The present first mortgage on that residential real estate is $24,000. Thus, the claim of BancOhio is not fully secured in the real estate. For purposes of this proceeding, the Court hereby determines that BancOhio National Bank holds a secured claim to the extent of $5,500, and an unsecured claim to the extent of $689.20. This determination is made in light of the waiver made by BancOhio of its security

interest in the personal property originally pledged as security for the loan.

 A threshold question to be dealt with by the Court concerns whether or not BancOhio is entitled to invoke the provisions of § 1322(b)(2) of the Bankruptcy Code. There is no dispute that on the date the petition was filed the bank held a valid security interest in property of the debtors other than residential real estate. BancOhio has cited no authority to the Court which would allow it to improve its position in this proceeding by a post–petition waiver of a portion of its collateral. The debtor is entitled to rely on the actual status of his creditors at the time of filing, or at least not be confronted with post–petition alterations which may make the formulation and proposal of a confirmable Chapter 13 plan nearly impossible. This Court holds that the crucial time for a determination as to whether a creditor is entitled to invoke the protected status of a creditor secured only in residential real estate is the time of the filing of the petition. BancOhio, at the time of this filing, was not a creditor secured *only* by a lien on residential real estate and thus it is not entitled to object to confirmation based upon a possible modification of its rights and the prohibition in § 1322(b)(2).

Based upon the foregoing, the Court hereby determines that the objection to confirmation filed by BancOhio National Bank is without merit and it is hereby overruled.

IT IS SO ORDERED.