**In re Gordon Walker LINDAMOOD, Sr., Debtor.**

**BANK OF VIRGINIA, Plaintiff,**

**v.**

**Gordon Walker LINDAMOOD, Sr. and Evelyn King Lindamood, Defendants.**

**Bankruptcy No. 7–81–01280.**

**Adv. No. 7–83–0465.**

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

Nov. 9, 1983.

See also, 21 B.R. 473.

Richard A. Money, Marion, Va., for debtor-defendants.

Eugene L. Nuckols, Pulaski, Va., for plaintiff.

MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue in this Adversary Proceeding is whether relief from the stay should be granted, or adequate protection provided.

Gordon Walker Lindamood, Sr. (Debtor) filed a Chapter 13 case in this Court on October 18, 1981. Prior to the filing of the petition, debtor was engaged in a failing corporate automobile agency, operating his farm, and employed as a Congressional aide. The automobile agency was liquidated and the debtor's position as Congressional aide terminated due to the Congressman's failure to be reelected. After a period of unemployment, the debtor remains engaged in the farming operation, deriving net income of approximately $5,000.00 per year, and as Sales Manager for another automobile agency. The agency income is based on commissions and sales, which the debtor asserts will now provide a sum sufficient to fund the Chapter 13 plan.

Plaintiff, Bank of Virginia (BVA), assisted in financing the defunct automobile agency and also participated with the Small Business Administration in a loan and other business financing involving the operation of the automobile agency. In November, 1980, BVA requested additional collateral to secure its agency loan upon which the debtor had endorsed. Complying with the request, on November 21, 1980, the debtor and his wife executed a note upon a form designated "Commercial Deed of Trust Note" in the principal sum of $97,000.00, with interest at prime plus 1.5% over a ten (10) year term, secured by a second Deed of Trust upon a 123.01 acre farm owned by the debtor in Wythe County, Virginia. The note provided for monthly payments of $850.87, commencing June 1, 1981, with the final payment December 1, 1990. The Bank presently claims a balance, including additional interest, attorney's fees and other charges, of approximately $115,678.00. The first Deed of Trust in favor of the Bank of

Speedwell has a remaining principal balance of approximately $61,000.00.

Plaintiff's evidence relating to the value of the collateral reflects a fair market value taxation appraisal by the Wythe County Commissioner of Revenue of $140,000.00, representing value of the land at $99,200.00 and the residence and outbuilding improvements at $40,900.00. Plaintiff's appraisal filed upon the farm as a whole reflects a value of $130,000.00 to $135,000.00.

The debtor's Chapter 13 plan proposed and confirmed was based upon the debtor's substantial income from employment, farming, and other sources and provided for payment to BVA of $1,600.00 per month, which was paid from May, 1982 through March, 1983. The payments ceased when the debtor's government salary terminated. Consequently, Plaintiff and other creditors moved to dismiss the Chapter 13 case due to the default of the debtor in payments under the plan.

The facts developed upon trial of this Adversary Proceeding reflect inaccuracies not only in the value of the collateral, but the payment ability of the debtor under the proposed plan. Instead of BVA being secured to the full extent of its debt by the second Deed of Trust, it is substantially under-secured. Instead of entitlement to arrearages upon an unsecured claim, it now becomes a question of providing adequate protection pursuant to 11 U.S.C. § 362.

Adequate protection of BVA under § 362 may be provided pursuant to 11 U.S.C. § 361 by monthly payments upon the secured portion of its debt determined by 11 U.S.C. § 506(a). The value of their secured claim is based upon the fair market value of the collateral hereby fixed at $135,000.00, and is subject to the first Deed of Trust of approximately $60,000.00 to $61,000.00 held by the Bank of Speedwell. This results in BVA's net secured position of approximately $75,000.00, the remaining balance of BVA's debt being unsecured as may be hereafter fixed by the Court.

BVA initially extended the subject loan to the debtor over a ten (10) year period. From the evidence presented, the farm should retain its present value. The debtor's testimony reflects that it should increase in value, as is true with other property in the area. Therefore, the original ten (10) year period which BVA extended to the debtor is a reasonable period of time to allocate payments herein to provide adequate protection. BVA's secured claim in the sum of $75,000.00 shall carry interest at the present going prime rate of 13%. See *United Virginia Bank v. Virginia Foundry Company, Inc.,* 9 B.R. 493 (D.C.W.D.Va. 1981). This will result in a monthly payment of $1,119.84 per month.

11 U.S.C. § 1322(b)(2) provides that a plan may modify the rights of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence. Granting of adequate protection herein does not contravene this Section since the secured claim represents a commercial business debt given as additional collateral security of the automobile agency debt. Further, § 1322(b)(2) contemplates the personal residential mortgage financing traditional in that industry. A clear statement of that purpose may be found in the well-reasoned Opinion of Judge Sauls in *United Companies, etc. v. Brantley,* 6 BCD 932, 6 B.R. 178 (Bkrtcy.N. D.Fla.1980), in which it is stated at page 189:

"We next turn to the second question left pending. That is, under § 1322(b)(2), can the mortgage default not only be cured but are the creditor's rights and the mortgage itself susceptible to modification by any plan with respect to the mortgage's terms or the manner of payment. Section 1322(b)(2) now permits such modifications in Chapter 13 cases with respect to secured claims other than those secured only by a security interest in real property that is the debtor's principal residence. *Although the legislative history is silent, the plain intent of the exception is to provide stability in the residential long-term home financing industry and market. It is to specifically protect institutional lenders engaged only in providing long-term home mortgage financing*

*and not lenders primarily engaged in consumer or other areas of financing but who take security interests in a residence or homestead to secure non-home financing debts.*" (Emphasis added.)

The Court assumes that the Bank of Speedwell's first Deed of Trust comes within the purview of § 1322(b)(2). However, the second Deed of Trust and note of BVA fails to comply with that standard and, hence, is not protected from the cramdown provisions provided therein. This holding is in keeping with Congressional intent to protect home mortgages.

It is apparent that Congress had in mind the usual home mortgages placed upon the personal residence of a debtor in Chapter 13 cases when enacting § 1322(b)(2). The Congressional mandate in that respect certainly did not intend to include cases such as the case at bar, where the residence is part of a 123.01 acre farm from which debtor derives a portion of his income used to fund his plan. It also would not apply where a small grocery, a service station, or restaurant business may be operated in a building where the debtor's personal residence is situated on the second floor or at the rear of a building as is true in many small Chapter 13 business cases.

Under the Bankruptcy Reform Act of 1978, Congress broadened Chapter 13 provisions from the former "Wage Earner's Provision" to cover all cases of an individual debtor with regular income with only minor exceptions, set forth in 11 U.S.C. § 101(24). 11 U.S.C. § 1304 specifically pertains to debtors engaged in business. The debt limitation of 11 U.S.C. § 109(e) of $100,000.00 secured and $350,000.00 unsecured is virtually the only limitation. Increased access to the simpler, speedier, and less expensive debtor relief provisions of Chapter 13 is accomplished by permitting debtors engaged in business to proceed under Chapter 13. See: *Legislative History—House Report* No. 95–595, 95th Cong., 1st Sess. 427 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. To broaden the Home Mortgage restriction of § 1322(b)(2) to include a broad range of other real estate mortgages, commercial or otherwise, would do violence to and distort the purposes of Congress in its efforts to enlarge the provisions of Chapter 13 and its availability to debtors seeking relief thereunder.

A further reason for excluding BVA's Deed of Trust from § 1322(b)(2) is that to permit the unsecured portion of BVA's debt to participate fully as a secured creditor under the posture and facts of this case would unfairly discriminate against claims of other unsecured creditors. This is prohibited by 11 U.S.C. § 1122, as well as § 1322(b)(1). See also *In re Ballard*, 2 C.B. C.2d 340, 6 B.C.D. 446, 4 B.R. 271 (Bkrtcy.E. D.Va.1980). It is true that classes of unsecured creditors may be provided for under § 1322(b)(1). However, 11 U.S.C. § 1122(a) requires that such classification have a substantial similarity. If the debtor's farm was liquidated, it could not be reasonably argued that a deficiency resulting therefrom in favor of BVA should in any wise be accorded preference over the status of other unsecured creditors in distributions.

Therefore, in accordance with the conclusions herein, counsel for the debtor shall tender an Order conforming thereto denying relief from the stay and providing adequate protection as to the farm, which the Court holds to be essential to the debtor's rehabilitation or, in lieu thereof, counsel for the debtor may desire to file a modified plan to accommodate the holding herein within twenty (20) days as provided by 11 U.S.C. § 1329.

Service of a copy of this Memorandum Opinion shall be made by mail to the Debtor, Debtor's Attorney, the Trustee, and all Counsel of Record.