In re Melva LAWS, a/k/a Melva Lusiek Laws, Debtor.

Melva LAWS, a/k/a Melva Foster Laws, Appellee,

v.

NEW YORK GUARDIAN, f/k/a Bowest, Appellant.

Civ. A. No. 93–5635.
Bankruptcy No. 93–0439S.
Adv. No. 93–11052S.

United States District Court,
E.D. Pennsylvania.

Feb. 2, 1994.

450

Melva Laws, pro se.

Kenneth S. Medzie, Wallingford, PA, for debtor.

Joan P. Brodsky, Federman and Phelan, Philadelphia, PA, for appellant.

Edward Sparkman, Philadelphia, PA, Chapter 13 Trustee.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

## MEMORANDUM

BUCKWALTER, District Judge.

### INTRODUCTION

This is an appeal from adversary proceedings in the Bankruptcy Court for the Eastern District of Pennsylvania where the appellee-debtor was allowed to bifurcate appellant-mortgagee's claim into secured and unsecured amounts under a Chapter 13 Plan.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff-appellee, Melva Laws, the debtor in the bankruptcy proceedings, filed a voluntary petition on February 24, 1993 under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301, et seq.[1] The debtor filed a Chapter 13 Plan which called for payments of $879 a month for (60) months. Defendant-appellant, New York Guardian Mortgage

---

1. The facts were taken from the Stipulation of Facts agreed to by both parties during the lower court proceedings.

Corporation, who is a holder of a note secured by plaintiff's residence and other personal property, filed a proof of claim for arrearage.

Defendant objected to the Chapter 13 Plan because it did not propose to pay the full amount of its claim. At the time of the filing the total amount to pay off the mortgage was $70,000. The fair market value of the property at that time was $46,000. A foreclosure judgment was entered in the Court of Common Pleas, Delaware County in favor of NY Guardian.

On May 4, 1993, New York Guardian filed a motion to dismiss pursuant to 11 U.S.C. §§ 109(g) and 105 and a motion to lift the automatic stay and proceed with the sheriff's sale pursuant to 11 U.S.C. § 362(e). The court denied the motion to dismiss and left the stay in effect. The court ordered that the stay remain in effect pending confirmation of the Chapter 13 Plan only if plaintiff remained current in her proposed payments to the Trustee, filed adversary proceedings to fix the secured amount of NY Guardian's claim and achieved confirmation of her payment plan.

New York Guardian argued in its motion that the debtor had filed its petition in bad faith to cause unnecessary delay. Guardian argued that the debtors four previous bankruptcy filings evidenced plaintiff's bad faith. The court did not dismiss the debtor's petition. However, the court did order that in light of the four previous bankruptcy filings by the debtor, if the petition was dismissed prior to confirmation for any reason, the plaintiff would be precluded from filing again for at least 180 days without express court permission.

On May 28, 1993, debtor filed an adversary proceeding against New York Guardian pursuant to 11 U.S.C. § 506(a). After a hearing on September 14, 1993, the court ruled in favor of the debtor. Pursuant to 11 U.S.C. § 506(a), the court ordered New York Guardian's claim bifurcated into a secured claim for the agreed value of the debtor's residence and an unsecured claim for the

balance of Guardian's claim. The court found that the debtor could modify Guardian's claim because it had a security interest in the debtor's personalty in addition to debtor's residence [2] and therefore, Guardian was not entitle to the anti-modification protection in 11 U.S.C. § 1322(b)(2). This order was subject to confirmation of the debtor's plan. The plan was confirmed by order on October 22, 1993.

Guardian appealed the bankruptcy order from the adversary proceeding, but has not appealed the confirmation order. Guardian raises three issues on appeal. First, Guardian argues that the anti-modification rule in 11 U.S.C. § 1322(b)(2) applies to the its claim even though it took a security interest in property other than just the debtor's residence. Second, the mortgagee argues that since it got a foreclosure judgment, the mortgage merged into the judgment and the debtor is precluded from relying on the additional security provision in the mortgage to prevent application of section 1322(b)(2). Finally, Guardian argues that the bankruptcy court failed to consider the debtor's multiple bankruptcy filings as causing the alleged oversecuring of the mortgaged premises.

### DISCUSSION

#### I. Scope of Review

■ The scope of review of the district court is well settled. *See, Sapos v. Provident Inst. of Sav.,* 967 F.2d 918, 922 (3d Cir.1992); *Hammond v. Commonwealth Mortg. Corp.,* 156 B.R. 943, 945 (E.D.Pa.1993). Conclusions of law by the bankruptcy judge are subject to plenary review by the district court. However, findings of fact by the bankruptcy court may not be set aside unless clearly erroneous.

#### II. *Modification of Claim Secured by Home Mortgage*

■ The bankruptcy court was correct in allowing debtor to bifurcate the mortgagee's claim since New York Guardian had

---

**2.** The mortgage was secured by the debtor's residence and "any and all appliances, machinery, furniture and equipment ..."

taken a security interest in both the debtor's real property and additional property. It is clear under Third Circuit law that pursuant to 11 U.S.C. § 506(a), a debtor may bifurcate a claim into secured and unsecured portions where the value of the property securing the claim is worth less than the total amount of the claim. *Wilson v. Commonwealth Mortg. Corp.*, 895 F.2d 123 (3d Cir.1990); *Sapos v. Provident Inst. of Sav.*, 967 F.2d 918 (3d Cir.1992). In addition, such a bifurcation does not violate the antimodification provision of 11 U.S.C. § 1322(b)(2) where the mortgagee has a security interest in more than just the debtor's residence. *Wilson*, 895 F.2d at 128–29.

*Wilson* involved a mortgage agreement that is very similar to the one in this case. The court found that the debtor could modify the mortgagee's claim and it based that decision on two alternative grounds. First, the court found that section 1322(b)(2), barring modification of secured rights of a creditor secured only by an interest of a debtor's residence does not preclude modification of any unsecured portion of an undersecured claim. 895 F.2d at 128. Second, the court offered an alternative ruling for allowing the debtor to modify a mortgagee's claim under section 506(a). *Id.* The court held that since the mortgage agreement gave the mortgage company an interest in appliances, machinery, furniture and equipment, in addition to the debtor's residence, it did not qualify for protection from modification under 1322(b)(2), because it was not a creditor secured only by the debtor's principal residence.

Guardian argues that *Nobelman v. American Sav. Bank*, — U.S. ——, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), overturned *Wilson.* Clearly, *Nobelman* only rejected *Wilson*'s first ruling and not the alternative ruling. Guardian's argument that the Supreme Court's silence on the issue constitutes implicit rejection of the Third Circuit's alternative ruling is meritless.

Guardian certainly took a security interest in the debtor's other property in addition to the debtor's residence and therefore, the protection from modification by a debtor that is contained in 11 U.S.C. § 1322(b)(2) for mortgagees who have a security interest in only the residence of the debtor is not applicable in this case.

### III. *Application of 1322(b)(2) and the Merger Doctrine*

■ Appellant argues that since it obtained a pre-petition foreclosure judgment, the security interests from the mortgage agreement merged into the foreclosure judgment and therefore, the debtor could not rely on the additional security provision in the mortgage to prevent application of the 1322(b)(2) exception to modification. This position is incorrect. The bankruptcy court correctly held that the status of the mortgagee and its security interest in the debtor's real and personal property is unchanged by a foreclosure judgment.

In *First Nat. Fidelity Corp. v. Perry*, 945 F.2d 61, 64–65 (3d Cir.1991), the court held, although in a different context, that a mortgagee's security interest was not changed by a foreclosure judgment. In *Perry*, there was a home mortgage with a security interest only in the real property. Thus, that security interest could not be modified under 11 U.S.C. § 1132(b)(2). The debtor argued that because the mortgage company got a foreclosure judgment, the mortgage merged into the judgment and the mortgage company was no longer entitled to the protection of 1322(b)(2). The court rejected this position and held that the entry of a foreclosure judgment did not make the 1322(b)(2) exception for home mortgage security interests inapplicable. 945 F.2d at 64–65.

■ Thus, debtor is not allowed to use the fact that a foreclosure judgment has been entered to deny a mortgagee the protection of 1322(b)(2), which it was entitled to before the foreclosure judgment. At the same time, a mortgagee who is not entitled to the 1322(b)(2) protection before the existence of a foreclosure judgment, should not be able to use a foreclosure judgment as a means of obtaining such protection. In other words, the entry of a foreclosure judgment does not change the fact that New York Guardian took a security interest in more than just the

debtor's residence and therefore, cannot get the protection of 1322(b)(2).

In *In re Klein,* 106 B.R. 396, 399–402 (Bankr.E.D.Pa.1989), the court found that the exception to modification in section 1322(b)(2) was not applicable in a case similar to this case despite the entry of a foreclosure judgment. *Klein* involved similar facts and the court decided that since the mortgagee had taken security interest in both the real property and personalty, the debtor could modify the mortgagee's claim through a Chapter 13 plan. 106 B.R. at 400. Thus, the 1322(b)(2) exception was found inapplicable even though the mortgagee had obtained a foreclosure judgment.

### IV. *Good Faith Requirement*

Appellant argues that the court failed to consider the debtor's multiple bankruptcy filings as evidence of the debtor's bad faith when reaching its decision to allow the debtor to bifurcate Guardian's claim.

Guardian first argued bad faith in its motion to dismiss the Chapter 13 proceedings that the debtor filed its Chapter 13 Plan in bad faith because of its previous multiple bankruptcy filings. The court obviously rejected this argument since it did not dismiss the proceedings. The court did not ignore this issue, because it did conclude that in light of the previous filings, if the case was dismissed prior to confirmation of the Plan, the debtor would be precluded from filing again for at least 180 days.

█ The mortgagee made its bad faith argument again in the adversary proceeding. The court decided that the mortgagee's bad faith argument was not relevant in the adversary proceeding, but was better dealt with at the confirmation hearing for the Chapter 13 Plan. The mortgagee did not supply, nor did this court find any authority for its claim that the bankruptcy court should examine a debtor's good faith in filing a Chapter 13 Plan when deciding a 506(a) adversary proceeding.

█ There is no good faith requirement for filing under Chapter 13, but there is a requirement that the Chapter 13 Plan be proposed in good faith. *In re Ford,* 78 B.R. 729 (Bankr.E.D.Pa.1987). Whether the plan is proposed in good faith is a factual question based on the debtor's misconduct, such as fraudulent misrepresentations or serious nondisclosures of material facts. *In re Gathright,* 67 B.R. 384 (Bankr.E.D.Pa.1986). Any argument about the debtor's good faith in proposing the Chapter 13 Plan should have been raised at the confirmation hearing or in a motion to dismiss the proceedings. There is nothing in the record to indicate whether this was done, but the mortgagee has only appealed the order from the adversary proceedings, not the confirmation order. Thus, any concern about good faith is not reviewable in this appeal.

### CONCLUSION

For the above reasons, the decision of the Bankruptcy Court for the Eastern District of Pennsylvania in the above case is affirmed.