**In re Lillie JOHNS.**

**Lillie JOHNS, Appellee,**

v.

**ROUSSEAU MORTGAGE CORP., Appellant.**

**Civ. A. No. 93–6624.**
**Adv. No. 93–0541.**
**Bankruptcy No. 93–12269S.**

United States District Court,
E.D. Pennsylvania.

March 18, 1994.

Lillie M. Johns, pro se.

Lawrence Rudderham, Brookhaven, PA, for appellee.

Joan P. Brodsky, Federman and Phelan, Philadelphia, PA, for appellant.

### *MEMORANDUM*

PADOVA, District Judge.

Appellant, Rousseau Mortgage Corp. ("Rousseau") has filed this appeal from the order of the Bankruptcy Court dated November 4, 1993. For the following reasons, the judgment will be affirmed.

Rousseau was mortgagee (by assignment) of a property in the city of Chester owned by debtor-appellee, Lillie Johns. The property has a stipulated fair market value of $8,000 and the personalty is valued at $1,000. A foreclosure action in the Court of Common Pleas of Delaware County resulted in a judgment in the amount of $39,557.15. The debtor-appellee filed a petition under Chapter 13 of the Bankruptcy Code on April 13, 1993, and instituted an adversary action against Rousseau to limit Rousseau's claim to the value of the mortgaged premises. The Bankruptcy Court ordered that Rousseau had an allowed secured claim of $9,000 and an unsecured claim of $30,557.15. Rousseau raises two grounds for appeal: first, that the antimodification clause of 11 U.S.C. § 1322(b)(2) does apply to a mortgagee's claim secured by more than a security interest in the mortgagor's principal residence and second, that the mortgage foreclosure judgment precludes reliance on the mortgage's "additional security" provisions because the mortgage has merged into the judgment. I will address each of these contentions. Because this is an appeal from a decision of the Bankruptcy Court, the legal conclusions of that court are subject to plenary review. *See Sapos v. Provident Inst. of Sav.,* 967 F.2d 918, 922 (3d Cir.1992).

### I. *Antimodification*

The key provisions of the bankruptcy code at issue here are 11 U.S.C. § 506(a) and 11 U.S.C. § 1322(b)(2). Under Chapter 13 of the Bankruptcy Code, the bankruptcy court may approve a repayment plan that modifies the debtor's indebtedness. Relevant to the instant discussion, under section 1322(b)(2), the repayment plan may

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2).

Section 506(a) defines the allowed secured and allowed unsecured claims as follows:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditors's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent

that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

■ The property in this case was secured by more than the real estate; the mortgage also created a security interest in "all alterations, additions and improvements now or hereafter made to said premises, and any and all appliances, machinery, furniture and equipment (whether fixtures or not) of any nature whatsoever now or hereafter installed in or upon the premises...." App. at 55. Under the law of this circuit, such additional security permits modification.

In *Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3d Cir.1990), the Court of Appeals set forth two independent holdings concerning modification of a mortgage under 11 U.S.C. § 1322(b)(2). The Court of Appeals first held that section 1322(b)(2) does not prohibit the modification of an undersecured mortgage. The Supreme Court explicitly rejected this holding in *Nobelman v. American Savings Bank*, — U.S. —, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), an appeal from the United States Court of Appeals for the Fifth Circuit. The Court in *Nobelman* prohibited the modification of the unsecured portion of an undersecured homestead mortgage. However, the Court in *Nobelman* did not address the second, alternative, holding of *Wilson* that "[t]he antimodification provision of section 1322 does not bar the bankruptcy court's order because the creditor's interest was not secured only by real property," *Wilson*, 895 F.2d at 128, but by additional collateral in addition to the real property. This alternative holding of *Wilson* remains valid, and as such is binding on the courts within this circuit. *See In re Laws*, 163 B.R. 449 (E.D.Pa.1994); *In re Ham-*

*mond*, 156 B.R. 943, 946–47 (E.D.Pa.1993); *In re Hirsch*, 155 B.R. 688 (Bankr.E.D.Pa. 1993).

Rousseau concedes that the mortgage in this appeal is substantively the same as that in *Wilson*. Brief of Appellant at 7. Therefore, the alternative holding of *Wilson* governs, and appellant's first argument fails.[1]

## II. *Merger*

■ Alternatively, Rousseau argues that because the mortgage has been foreclosed, the language of the contract has been merged into the judgment of foreclosure and therefore no longer exists. This argument also is unavailing. Although it is true that the foreclosure judgment ends the contractual relationship between mortgagor and mortgagee, *see In re Roach*, 824 F.2d 1370 (3d Cir.1987), the Court of Appeals also has held that "[e]ven though the contractual terms between the parties in this case have merged into the entry of judgment of foreclosure, the security interest or lien against the property continues to be the product of the consensual arrangement between debtor and lender." *First Nat'l Fidelity Corp. v. Perry*, 945 F.2d 61, 64 (3d Cir.1991) (internal quotation omitted). In addition, "a foreclosure judgment, since it is the product of the mortgage agreement, is created by this agreement, and thus is a 'security interest.'" *In re DeSeno*, 17 F.3d 642 (3d Cir.1994) (ruling in the context of a proceeding under Chapter 11). Rousseau's security interest was created by the mortgage, and that document clearly provided that Rousseau received a security interest in more than the "real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2). As this Court recently held, "the entry of a foreclosure judgment does not change the fact that [appellant] took a security interest in more than just the debtor's residence and therefore, cannot get the protection of 1322(b)(2)." *In re Laws*, 163 B.R. 449 (E.D.Pa.1994).

---

1. Additionally, Rousseau's argument that the additional security language of the mortgage is "boilerplate" and therefore irrelevant to the issue of modification is not compelling. The plain language of the mortgage creates a security interest in more than the real property itself. *See Wilson*, 895 F.2d at 129.

The judgment of the Bankruptcy Court is affirmed.