Dorothea HACKMANN, Plaintiff-Respondent,

v.

Randy BEHM and Sharlene Behm, Defendants-Respondents,

A.F. SMITH & SONS, INC., Defendant-Appellant.

Court of Appeals

*No. 95–3315. Submitted on briefs August 12, 1996.—Decided December 11, 1996.*

(Also reported in 558 N.W.2d 905.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas A. Van Horn* of *Thomas Van Horn Law Office* of Manitowoc.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Pawlowski* of *Salutz & Salutz* of Manitowoc.

No brief was submitted by the defendants-respondents.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

PER CURIAM. On November 27, 1995, A.F. Smith & Sons, Inc. (Smith) filed a notice of appeal from an order entered in the trial court on September 20, 1995, denying its motion for an order requiring

Dorothea Hackmann to accept its tender of the amount owed to Hackmann by Randy and Sharlene Behm pursuant to a land contract and strict judgment of foreclosure on that land contract. Smith requested that Hackmann be ordered to accept the tender and assign her rights in the land contract to Smith. In the notice of appeal Smith also appealed from a judgment entered in the trial court on November 22, 1995, which confirmed the strict judgment of foreclosure entered in the trial court on August 1, 1995, nunc pro tunc July 7, 1995, and restored all rights, title and interest in the property conveyed by the land contract to Hackmann. We conclude that we lack jurisdiction over this appeal and dismiss it.

Hackmann, as vendor, and the Behms, as purchasers, entered into a land contract for the sale of farm property on April 6, 1987. On May 5, 1995, Hackmann commenced an action for strict foreclosure of the land contract based on the Behms' failure to make the payments required by the contract. Hackmann also named Smith as a defendant on the ground that it might claim an interest or lien in the premises by virtue of a judgment docketed in its favor against the Behms on October 31, 1994. Hackmann requested that if the Behms did not pay the amount due on the land contract by a date to be set by the trial court, then judgment of strict foreclosure be entered against all of the defendants and anyone claiming under them.

Smith answered the complaint and filed a cross-claim against the Behms, alleging that it had a judgment lien against the Behms by virtue of the judgment docketed on October 31, 1994, and that it wanted to "foreclose" that judgment lien, thereby succeeding to the Behms' interests and rights as the

vendees of the land contract. It further requested that in the event judgment of strict foreclosure was entered, the Behms be given sufficient time to redeem so that their right of redemption could be attached by Smith in accordance with its cross-claim.

The trial court entered findings of fact, conclusions of law, and the judgment of strict foreclosure on August 1, 1995. In its findings of fact and conclusions of law, it stated that Smith might have an interest or lien in the interest of the Behms in the real estate, but that Smith's interest was subject to and subordinate to the interests of Hackmann. It held that Hackmann was entitled to recover $49,725, plus postjudgment interest, from the Behms pursuant to the land contract, and that she was entitled to a lien in, and all right, title and interest of the Behms in the real estate until that sum was paid in full. It gave the Behms until November 1, 1995, to redeem the land contract. It further provided that if the Behms did not perform their obligations within the time specified, then the Behms, and all persons claiming under them, including Smith, would be forever foreclosed of any right, title or interest in the real estate, and title would vest in Hackmann with possession of the premises delivered to her. It reiterated this determination in the judgment of strict foreclosure entered on August 1, 1995, providing that if payment was not made by the Behms within the time specified, any interest that the Behms or Smith had in the real estate would cease to exist.

Rather than appealing directly from the judgment of strict foreclosure within ninety days pursuant to § 808.04(1), STATS., Smith moved the trial court for an order requiring Hackmann to accept Smith's tender of the amount owed by the Behms and to assign her rights under the judgment of strict foreclosure to Smith. The

trial court denied that motion in an order entered on September 20, 1995. Smith then filed a motion stating that its president and owner, Dennis Brandl, had purchased the Behms' right of redemption for $1. Based on this purchase and its proffering of the balance due under the judgment of strict foreclosure, Smith moved the trial court for an order requiring Hackmann to issue a warranty deed to it. The trial court denied that motion and entered judgment on November 22, 1995, confirming the judgment of strict foreclosure and providing that based on the Behms' failure to redeem, their right, title and interest in the real estate, as well as the right, title and interest of any parties or entities claiming under them, ceased to exist. The judgment further provided that all right, title and interest in the premises was restored to Hackmann free and clear of all encumbrances.

We conclude that when the judgment of strict foreclosure was entered, it determined Smith's rights in this case, extinguishing them completely unless the Behms timely executed their right of redemption. If Smith wanted to challenge this determination on appeal, it had to do so by appealing the judgment of strict foreclosure within ninety days of its entry on August 1, 1995, or by October 30, 1995. Smith failed to do so and lost its right to challenge the extinction of its interests on appeal.

A final judgment may be appealed to this court as a matter of right within the time specified in § 808.04, STATS. *See Shuput v. Lauer,* 109 Wis. 2d 164, 169, 325 N.W.2d 321, 324 (1982). A final judgment is one which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding. *See id.* at 169, 325 N.W.2d at 325.

In mortgage foreclosure cases, the judgment of foreclosure and sale determines the parties' legal rights in the underlying obligation and the mortgaged property and thus determines the default, the right of the mortgagee to realize upon the security, the time and place of sale of the security, and the right of the mortgagee to a judgment of deficiency. *See id.* at 171, 325 N.W.2d at 325. The statutory proceedings after the judgment of foreclosure and sale, including the sale, judicial confirmation of the sale, the computation of the deficiency, and the entry of judgment for the deficiency, carry into effect and enforce the judgment of foreclosure and sale. *See id.* The judgment of foreclosure and sale thus determines the rights of the parties and disposes of the entire matter in litigation, while the sale and confirmation proceedings constitute the execution of judgment. *See id.* at 172, 325 N.W.2d at 326. The judgment of foreclosure and sale therefore is a final judgment appealable as a matter of right under § 808.03(1), STATS.,[1] which must be appealed within the time prescribed by § 808.04, STATS. *See Shuput,* 109 Wis. 2d at 172, 325 N.W.2d at 326. The order confirming the sale is also a final order appealable as of right, enabling the appellant to challenge proceedings subsequent to the judgment of foreclosure and sale, but not the judgment itself. *See id.*

While mortgage foreclosure proceedings are distinct from land contract foreclosure proceedings, the *Shuput* discussion of appealability is applicable here. Like the judgment of foreclosure and sale in a mortgage foreclosure case, the judgment of strict foreclosure entered in this case determined Smith's legal rights

---

[1] Section 808.03(1), STATS., was amended by 1995 Wis. Act 139. However, these amendments do not affect our analysis.

and interest in the real estate which was subject to the land contract. The remaining proceedings after its entry constituted an execution of that judgment and were limited to determining whether the Behms redeemed their interest in the real estate by paying the amount due under the judgment of strict foreclosure.

The judgment of strict foreclosure expressly determined that Hackmann was entitled to title and possession of the real estate, and that all interest of the Behms and Smith would cease to exist unless the Behms redeemed the land contract by November 1, 1995. Although Smith sought judgment in its answer and cross-claim permitting it to succeed to or attach the Behms' right of redemption, the trial court did not grant relief as requested by Smith. Instead, it provided that Hackmann was entitled to possession and title absent redemption by the Behms, thus effectively denying Smith's requests.

Smith was required to appeal within ninety days of entry of the judgment of strict foreclosure if it wanted to challenge this determination.[2] It could not, in effect, seek to extend the time for challenging the trial court's determination that it could not succeed to or attach the

---

[2] If the Behms had redeemed the property within the time set in the judgment of strict foreclosure, title to the real estate would have transferred to them. Based on its docketed judgment against the Behms, Smith would then have been able to seek satisfaction of its judgment from the real estate. However, this interest would have been based upon the Behms' title to and possession of the real estate. The possibility that the Behms would redeem did not render the judgment of strict foreclosure nonfinal as to Smith, any more than the period of redemption permitted in a mortgage foreclosure judgment pursuant to § 846.13, STATS., renders that judgment nonfinal.

Behms' right of redemption by filing postjudgment motions related to those issues. Because Smith's postjudgment motions presented issues which were already decided by the judgment of strict foreclosure, neither the September 20, 1995 order nor the November 22, 1995 judgment was appealable by it to this court. *See LaCrosse Trust Co. v. Bluske*, 99 Wis. 2d 427, 428-29, 299 N.W.2d 302, 303 (Ct. App. 1980).[3]

*By the Court.*—Appeal dismissed.

[3] We recognize that the judgment of strict foreclosure did not address whether Smith could purchase the Behms' right of redemption, as Smith tried to do in postjudgment proceedings. However, the judgment of strict foreclosure clearly provided that both title and possession of the real estate were Hackmann's unless the Behms redeemed by November 1, 1995. By granting a right of redemption solely to the Behms, the judgment determined that Smith had no right to redeem, whatever form or means it attempted to use to acquire such a right. Smith was required to timely appeal from the judgment of strict foreclosure if it wanted to challenge this final disposition of its rights.