**In re Ruth I. CARR, Debtor.**

No. 03–10182.

United States Bankruptcy Court,
W.D. Wisconsin.

Nov. 30, 2004.

Galen W. Pittman, Galen W. Pittman, S.C., La Crosse, WI, for Debtor.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

Ruth I. Carr, the debtor, filed a Chapter 13 plan that was confirmed without objection by this court on April 8, 2003. Wells Fargo Bank Minnesota, NA ("Wells Fargo") filed a Motion To Vacate Order Confirming Plan. Wells Fargo filed a secured claim in the amount of $146,270.02. There has been no objection to that claim. The parties agree that there are no disputed facts, and submitted the matter on briefs.

Wells Fargo holds a promissory note and properly-perfected mortgage on the debtor's principal residence. That mortgage was the only security granted to Wells Fargo. The mortgage is not a purchase money mortgage. The proceeds were used to satisfy a previous mortgage, to pay real estate taxes, and to fund a business venture. On June 5, 2002, before the debtor's bankruptcy, a judgment of foreclosure was entered by the Juneau County Circuit Court in favor of Wells Fargo in the amount of $138,745.44.

Pursuant to the debtor's plan, Wells Fargo is receiving a payment based upon the appraised value of the property ($34,000), amortized over twenty (20) years at 10.3% interest, to be paid in full in the 36th month. The balance of Wells Fargo's claim is treated as unsecured.

Wells Fargo contends that the debtor's plan violates 11 U.S.C. § 1322(b)(2) and § 1325(a)(5) of the Bankruptcy Code. The debtor contends that confirmation of the plan precludes any review of the plan's distribution to Wells Fargo, and that confirmation cannot be vacated.

Section 1322 states, in relevant part:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal resi-

dence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

■ In *Nobelman v. American Sav. Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993), the Supreme Court held that § 1322(b)(2) prohibits modification of the rights of the holder of a secured claim through a Chapter 13 plan when the claim is secured only by a security interest in real property that is the debtor's principal residence. Most courts have understood *Nobelman* to prohibit modification of any material term in any mortgage or security interest on the debtor's principal residence. However, a few earlier cases had limited the prohibition of § 1322(b)(2) to modifications of purchase money mortgages. *In re Lindamood*, 34 B.R. 330, 331–32 (Bankr.W.D.Va.1983); *In re Shaffer*, 84 B.R. 63, 65 (Bankr.W.D.Va.1988). Their basis for doing so is dependent upon adding words to the Bankruptcy Code that Congress did not choose to employ. The statute's language makes no distinction among mortgages. It addresses only that the sole security for the loan be the debtor's principal residence.

■ The debtor contends that because she put her real estate to uses other than merely her residence, Wells Fargo's rights may be modified. However, nothing in the language of § 1322(b)(2) or in its legislative history indicates that Congress intended that limited interpretation of § 1322(b)(2). In this case, the funds are secured solely by a mortgage on real property that, although it may have additional uses, is, nonetheless, the debtor's principal residence. If the loan is secured only by a mortgage on real property that is the debtor's principal residence, § 1322(b)(2) prevents the debtor's plan from modifying the rights of the mortgage holder.

■ Debtor also urges that when Wells Fargo obtained its foreclosure judg-ment it lost the protection of § 1322(b)(2). In Wisconsin, upon entry of a judgment of foreclosure, the contractual mortgage ceases to exist, and is replaced by a judgment lien in favor of the creditor. *Hackmann v. Behm*, 207 Wis.2d 437, 558 N.W.2d 905, 907–908 (1996) states it succinctly:

> In mortgage foreclosure cases, the judgment of foreclosure and sale determines the parties' legal rights in the underlying obligation and the mortgaged property and thus determines the default, the right of the mortgagee to realize upon the security, the time and place of sale of the security, and the right of the mortgagee to a judgment of deficiency. The statutory proceedings after the judgment of foreclosure and sale, including the sale, judicial confirmation of the sale, the computation of the deficiency, and the entry of judgment for the deficiency, carry into effect and enforce the judgment of foreclosure and sale. The judgment of foreclosure and sale thus determines the rights of the parties and disposes of the entire matter in litigation, while the sale and confirmation proceedings constitute the execution of judgment.

Although a judgment lien is not a "lien created by an agreement" as that phrase is used to define "security interest" at 11 U.S.C. § 101(51), a majority of courts has concluded that a mortgage reduced to a prepetition foreclosure judgment is a security interest, and remains protected from modification by § 1322(b)(2). *First Nat. Fidelity Corp. v. Perry*, 945 F.2d 61, 64, 65 (3rd Cir.1991); *In re Johns*, 37 F.3d 1021, 1025 (3rd Cir.1994); *In re Seidel*, 752 F.2d 1382, 1386 (9th Cir.1985); *In re Laws*, 163 B.R. 449, 452 (E.D.Pa.1994); *First Financial Sav. & Loan Ass'n v. Winkler*, 29 B.R. 771, 775 (N.D.Ill.1983). A creditor's rights would not logically be reduced by seeking to enforce them by judicial foreclosure.

Wells Fargo contends that § 1325 has been violated because the plan is not in conformity with § 1322(b)(2). Section 1325 states in relevant part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

Wells Fargo had adequate notice of the bankruptcy proceeding and did not file an objection to confirmation or file any objection to the plan prior to confirmation. The provision for modifying Wells' Fargo's rights is obvious and clear in the plan, and Wells Fargo could have prevented this situation simply by objecting. A Chapter 13 plan that was not objected to is generally not revocable except under § 1330.[1] *See In re Szostek*, 886 F.2d 1405, 1406 (3rd Cir.1989); *In re Fesq*, 153 F.3d 113, 120 (3rd Cir.1998); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050 (5th Cir.1987); *In re Pardee*, 193 F.3d 1083, 1086 (9th Cir.1999) (quoting *In re Andersen*, 179 F.3d 1253 (10th Cir.1999)); *In re Bateman*, 331 F.3d 821, 830 (11th Cir.2003).

■ Courts in the Seventh Circuit, however, have taken a different view. In *In re Burgess*, 138 B.R. 56, 59 (Bankr.W.D.Wis. 1991) (citations omitted) this court, relying on Fed.R.Civ.P 60(b), vacated a confirmed plan when it became apparent that total payments under the plan were insufficient to pay all creditors as called for in the plan. The court said:

Relief from judgment under Rule 60(b) may be granted *sua sponte* by the court. A decision under Rule 60(b) is a matter of the court's discretion. The Rule's requirement that relief be granted within a "reasonable time" also rests within the sound discretion of the court. While relief under Rule 60(b) is discretionary, it is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust. The court should also look to whether any intervening rights have been affected by the passage of time since entry of the original judgment.

*See Matter of Driscoll*, 57 B.R. 322, 328 (Bankr.W.D.Wis.1986). Wells Fargo contends that because the debtor's plan violates § 1322(b)(2), it cannot be said that the plan complies with the provisions of the Bankruptcy Code. Wells Fargo cites *Matter of Escobedo*, 28 F.3d 34, 35 (7th Cir.1994) in which the court said:

A bankruptcy court lacks the authority to confirm any plan unless it 'complies with the provision of this chapter and with the other applicable provisions of this title.' 11 U.S.C. § 1325(a)(1). As all the parties to this suit concede, Debtor's proposed plan did not comply with § 1322(a)(2). As a result of this failure, any supposed confirmation was nugatory and properly dismissed.

The situation in this case is different factually, but not different in principal from the one presented in *Escobedo*, where "[the courts] refusal to apply *res judicata* principles in that case resulted from the fact that the debtor's original plan failed to comply with the mandatory provisions of 11 U.S.C. § 1322(a)(2)." *In re Harvey*, 213 F.3d 318, 322–23 (7th Cir.2000) (comparing *Escobedo*).

Wells Fargo also contends that the plan does not conform to § 1325(a)(5) because it fails to distribute to Wells Fargo the allowed amount of its secured claim. The debtor has not objected to the claim filed by Wells Fargo, so that claim is deemed

---

1. Wells Fargo has not proceeded under § 1330 which requires proof that the "order [of confirmation] was procured by fraud," and no fraud has been alleged.

allowed. But the plan proposes to pay only $34,000.000 on account of the $146,000.00 secured claim.

Set against the putative finality of a confirmation is the statutory presumption of validity of a properly-filed claim. *See* § 502(a) and Bankruptcy Rule 3001(f). Wells Fargo's secured claim is presumed valid and allowed. Some courts have delayed confirmation until the claims bar date is passed so that there will be no conflict between the certainty of claims allowance and the finality of the confirmation order. There are at least two problems with this approach. First, there is the fact that the Bankruptcy Code and Rules provide no bar date after which secured claims are untimely in Chapter 13. Second (and exacerbated by the first), is the fact that no distribution by the Chapter 13 trustee to creditors can take place until an order is entered confirming the plan.

■■■ It is the policy of this Court to confirm plans quickly so that creditors get paid quickly. This directly benefits creditors and substantially reduces motions for relief from the automatic stay. Our policy can work only if the confirmation can be reviewed and the order vacated when the claims actually filed alter the assumptions on which the confirmation was granted. To that extent, the confirmation order is effectively provisional. A plan whose terms violate the Code cannot be allowed to trump a presumptively valid secured claim.

■■■ Section 1322(b)(2) is mandatory in restricting the right to modify the claim of a secured creditor whose sole security is the debtor's principal residence. As in *Escobedo,* the provisions of the plan in this case do not comply with the mandatory provisions of the Code. Therefore, the result in this case must be the same as the result in *Escobedo*—the debtor's plan con-

firmation must be deemed nugatory. In *Escobedo,* the Seventh Circuit appears to have rejected the "you snooze, you lose" doctrine. There would be no justice in applying that doctrine here.

Wells Fargo's motion to vacate the confirmation order must be granted. If a confirmable amended plan is not filed within 15 days of the date of this decision, the case shall be dismissed.

It may be so ordered.

### ORDER

The Court having this day entered its memorandum decision in the above-entitled matter,

IT IS HEREBY ORDERED that the Motion To Vacate Order Confirming Plan is GRANTED.

IT IS FURTHER ORDERED that if a confirmable plan is not filed within 15 days after this Order, this case will be dismissed.